**FILED & ENTERED**

**JAN 29 2016**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** bakchell **DEPUTY CLERK**

**ORDER NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>SHAPPHIRE RESOURCES, LLC,<br><br>Debtor. | Case No. 2:10-bk-57493-RK<br><br>Chapter 11<br><br>Adv. No. 2:12-ap-02532-RK |
| SHAPPHIRE RESOURCES, LLC,<br>a Utah limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>STANLEY TAMBINGON, an Individual,<br><br>Defendant. | **ORDER SETTING POST-JUDGMENT STATUS CONFERENCE TO ADDRESS PROCEDURE FOR ENFORCING JUDGMENT FOR TURNOVER OF REAL PROPERTY AND FOR DECLARATORY RELIEF**<br><br>**POST-JUDGMENT STATUS CONFERENCE:**<br>Date:  March 1, 2016<br>Time:  1:30 p.m.<br>Place:  Courtroom 1675<br>          255 East Temple Street<br>          Los Angeles, CA 90012 |

    The proposed Judgment for Turnover of Real Property of the Estate and for Declaratory Relief, lodged by Plaintiff Shapphire Resources, LLC ("Plaintiff" or "Shapphire Resources"), by its counsel, Raymond H. Aver, Law Offices of Raymond H. Aver, with the court on January 28, 2016, provides that the judgment direct the use of the United States Marshals Service in the first instance to forcibly remove Defendant Stanley Tambingon ("Defendant" or "Mr. Tambingon") from the subject Property.

In considering this provision, the court notes that Local Bankruptcy Rule 7069-1 provides as follows:

> **(a) Use of United States Marshal is Discouraged.** The court encourages the use of state remedies and officers wherever appropriate to enforce judgments or obtain available remedies. The United States Marshals Service is available to enforce federal judgments as necessary, which may require an application filed under LBR 9013-1(q) that demonstrates cause for using the United States Marshals Service.

Local Bankruptcy Rule 7069-1(a) (bolding in original). As indicated by this rule, the use of the Marshals Service to enforce a federal judgment is discouraged and thus is generally not a matter of first resort.

Use of the United States Marshals Service to enforce the judgment in this adversary proceeding may be considered upon a showing of cause pursuant to an application for a writ of possession under Local Bankruptcy Rule 9013-1(q), which Plaintiff has not filed. In this regard, the court also notes that Federal Rule of Bankruptcy Procedure 7070 makes Federal Rule of Civil Procedure 70 applicable to this adversary proceeding, which states:

> **(a) Party's Failure to Act; Ordering Another to Act.** If a judgment requires a party to convey land, to deliver a deed or other document, or to perform any other specific act and the party fails to comply within the time specified, the court may order the act to be done --- at the disobedient party's expense --- by another person appointed by the court. When done, the act has the same effect as if done by the party
>
> . . .
>
> **(d) Obtaining a Writ of Execution or Assistance.** On application by a party who obtains a judgment or order for possession, the clerk must issue a writ of execution or assistance.
>
> **(e) Holding in Contempt.** The court may also hold the disobedient party in contempt.

Federal Rule of Civil Procedure 70(a), (d) and (e).

The court further notes that Federal Rule of Bankruptcy Procedure 7064 makes Federal Rule of Civil Procedure 64 applicable here to permit the use of state law remedies for seizing property to secure satisfaction of a potential judgment.

In light of this array of potential remedies for Plaintiff to enforce its judgment against Defendant, it is incumbent on Plaintiff to file an application and demonstrate cause for using the United States Marshals Service to enforce its judgment in the first instance in light of the other remedies it has to enforce its judgment, such as state law remedies, including unlawful detainer proceedings, and civil contempt proceedings.  At this point, the court is not convinced whether resort to the use of the Marshals Service is necessary at this time since it is unknown that Defendant will not voluntarily turn over the Property to Plaintiff pursuant to the judgment in favor of Plaintiff or that state law remedies or civil contempt proceedings would not result in prompt and effective enforcement of the judgment.

Thus, in order to ensure an orderly enforcement of the Judgment for Turnover of Real Property and for Declaratory Relief ("Judgment"),

1. The court declines to enter the form proposed by Plaintiff and will enter a modified form of judgment to be separately entered.
2. A post-judgment status conference is set for March 1, 2016, at 1:30 p.m. to address the procedure for turnover of the Property by Defendant to Plaintiff.
3. Plaintiff Shapphire Resources, through its counsel of record, Raymond H. Aver, Law Offices of Raymond H. Aver, and Defendant Stanley Tambingon are ordered to appear for the post-judgment status conference before the undersigned United States Bankruptcy Judge on March 1, 2016 at 1:30 p.m.

//
//

4. If Defendant has turned over the Property to Plaintiff before the post-judgment status conference on March 1, 2016 at 1:30 p.m., his appearance at the status conference is not required.

**IT IS SO ORDERED.**

###

Date: January 29, 2016

_____
Robert Kwan
United States Bankruptcy Judge